```
                                                    FILED
                                            CLERK, U.S. DISTRICT COURT

                                             12/20/2023

                                            CENTRAL DISTRICT OF CALIFORNIA
                                            BY: _____JB_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>ALLEN WAYNE ROWBURY,<br>  aka "Allan Wayne Rowbury,"<br><br>              Defendant. | CR No.  2:23-cr-00642-DSF<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii): Possession with<br>Intent to Distribute<br>Methamphetamine; 21 U.S.C.<br>§ 856(a)(1): Maintaining a Drug-<br>Involved Premises; 18 U.S.C.<br>§ 922(g)(1): Felon in Possession<br>of Firearms and Ammunition; 18<br>U.S.C. § 924(c)(1)(A)(i):<br>Possession of Firearms in<br>Furtherance of Drug<br>Trafficking Crimes; 21 U.S.C.<br>§ 853, 18 U.S.C. § 924(d)(1) and<br>28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about November 1, 2023, in Santa Barbara County, within the Central District of California, defendant ALLEN WAYNE ROWBURY, also known as "Allan Wayne Rowbury," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is,

1

approximately 799.4 grams, of methamphetamine, a Schedule II
controlled substance.

1                                  COUNT TWO

2                       [21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

3          Beginning on a date unknown and continuing to on or about

4     November 1, 2023, in Santa Barbara County, within the Central

5     District of California, defendant ALLEN WAYNE ROWBURY, also known as

6     "Allan Wayne Rowbury," and others known and unknown to the Grand

7     Jury, each aiding and abetting the other, knowingly opened, leased,

8     rented, used, and maintained a place, that is, a residence located at

9     514 East Cook Street, in Santa Maria, California, for the purpose of

10    unlawfully manufacturing, distributing, and using a controlled

11    substance, namely, dimethyltryptamine ("DMT"), a Schedule I

12    controlled substance, and methamphetamine, a Schedule II controlled

13    substance.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

                              COUNT THREE

2

                         [18 U.S.C. § 922(g)(1)]

3        On or about November 1, 2023, in Santa Barbara County, within

4   the Central District of California, defendant ALLEN WAYNE ROWBURY,

5   also known as "Allan Wayne Rowbury," knowingly possessed the

6   following firearms and ammunition, each in and affecting interstate

7   and foreign commerce:

8            1. a Dutch Hembrug Arenal Mannlicher, model M95/1917,

9   6.5x53Rmm caliber rifle, bearing no serial number;

10           2. a Small Arms Limited (Long Branch Arsenal), Lee-Enfield

11  No. 4 MK 1, .303 caliber rifle, bearing serial number 8L2014;

12           3. a Remington Arms Company, Nylon 11, .22 caliber long

13  rifle, bearing no serial number;

14           4. a Sturm, Ruger & Co., model 10/22, .22 caliber long rifle,

15  bearing serial number 111-74145;

16           5. a Savage Arms Corporation, Springfield Model 67F, .410

17  gauge shotgun, bearing no serial number; and

18           6. 30 rounds of Federal Cartridge Company .22 long rifle

19  caliber ammunition.

20       Defendant ROWBURY possessed such firearms and ammunition knowing

21  that he had previously been convicted of at least one of the

22  following felony crimes, each punishable by a term of imprisonment

23  exceeding one year:

24           1. Possession of Methamphetamine, in violation of Idaho

25  Statute 37-2732(c), in the Idaho District Court, County of Ada, Case

26  Number H0401734, on or about June 7, 2005; and

27

28

                                    4

2.  Possession of Methamphetamine, in violation of Idaho Statute 37-2732(c), in the Idaho District Court, County of Ada, Case Number H0500604, on or about June 14, 2005.

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about November 1, 2023, in Santa Barbara County, within the Central District of California, defendant ALLEN WAYNE ROWBURY, also known as "Allan Wayne Rowbury," knowingly possessed the following firearms in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment, and maintaining a drug-involved premises, in violation of Title 21, United States Code, Section 856(a)(1), as charged in Count Two of this Indictment:

1. a Dutch Hembrug Arenal Mannlicher, model M95/1917, 6.5x53Rmm caliber rifle, bearing no serial number;

2. a Small Arms Limited (Long Branch Arsenal), Lee-Enfield No. 4 MK 1, .303 caliber rifle, bearing serial number 8L2014;

3. a Remington Arms Company, Nylon 11, .22 caliber long rifle, bearing no serial number;

4. a Sturm, Ruger & Co., model 10/22, .22 caliber long rifle, bearing serial number 111-74145; and

5. a Savage Arms Corporation, Springfield Model 67F, .410 gauge shotgun, bearing no serial number.

1                          FORFEITURE ALLEGATION ONE

2        [21 U.S.C. § 853; 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

3        1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 21,

6   United States Code, Section 853, Title 18, United States Code,

7   Section 924(d)(1), and Title 28, United States Code, Section 2461(c),

8   in the event of the defendant's conviction of the offenses set forth

9   in any of Counts One or Two of this Indictment.

10       2.   The defendant, if so convicted, shall forfeit to the United

11  States of America the following:

12            (a)  All right, title and interest in any and all property,

13  real or personal, constituting or derived from, any proceeds which

14  the defendant obtained, directly or indirectly, from any such

15  offense.

16            (b)  All right, title and interest in any and all property,

17  real or personal, used, or intended to be used, in any manner or

18  part, to commit, or to facilitate the commission of any such offense.

19            (c)  All right, title, and interest in any firearm or

20  ammunition involved in or used in any such offense, including but not

21  limited to the following:

22            • One Dutch Hembrug Arenal Mannlicher, model M95/1917,

23  6.5x53Rmm caliber rifle, bearing no serial number.

24            • One Small Arms Limited (Long Branch Arsenal), Lee-Enfield

25  No. 4 MK 1, .303 caliber rifle, bearing serial number 8L2014.

26            • One Remington Arms Company, Nylon 11, .22 caliber long

27  rifle, bearing no serial number.

28

1        • One Sturm, Ruger & Co., model 10/22, .22 caliber long

2    rifle, bearing serial number 111-74145.

3        • One Savage Arms Corporation, Springfield Model 67F, .410

4    gauge shotgun, bearing no serial number.

5        • 30 rounds of Federal Cartridge Company .22 long rifle

6    caliber ammunition.

7        (d)  To the extent such property is not available for

8    forfeiture, a sum of money equal to the total value of the property

9    described in subparagraphs (a), (b), and (c).

10       3.   Pursuant to Title 21, United States Code, Section 853(p),

11   the defendant, if so convicted, shall forfeit substitute property if,

12   by any act or omission of said defendant, the property described in

13   the preceding paragraph, or any portion thereof: (a) cannot be

14   located upon the exercise of due diligence; (b) has been transferred,

15   sold to, or deposited with a third party; (c) has been placed beyond

16   the jurisdiction of the court; (d) has been substantially diminished

17   in value; or (e) has been commingled with other property that cannot

18   be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three or Four of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following:

• One Dutch Hembrug Arenal Mannlicher, model M95/1917, 6.5x53Rmm caliber rifle, bearing no serial number.

• One Small Arms Limited (Long Branch Arsenal), Lee-Enfield No. 4 MK 1, .303 caliber rifle, bearing serial number 8L2014.

• One Remington Arms Company, Nylon 11, .22 caliber long rifle, bearing no serial number.

• One Sturm, Ruger & Co., model 10/22, .22 caliber long rifle, bearing serial number 111-74145.

• One Savage Arms Corporation, Springfield Model 67F, .410 gauge shotgun, bearing no serial number.

• 30 rounds of Federal Cartridge Company .22 long rifle caliber ammunition.

1           (b)  To the extent such property is not available for

2     forfeiture, a sum of money equal to the total value of the property

3     described in subparagraph (a).

4         3.   Pursuant to Title 21, United States Code, Section 853(p),

5     as incorporated by Title 28, United States Code, Section 2461(c), the

6     defendant, if so convicted, shall forfeit substitute property, up to

7     the value of the property described in the preceding paragraph if, as

8     the result of any act or omission of the defendant, the property

9     described in the preceding paragraph or any portion thereof (a)

10    cannot be located upon the exercise of due diligence; (b) has been

11    transferred, sold to, or deposited with a third party; (c) has been

12    placed beyond the jurisdiction of the court; (d) has been

13    //

14    //

15    //

1  substantially diminished in value; or (e) has been commingled with

2  other property that cannot be divided without difficulty.

6                                          A TRUE BILL

7                                                    /S/

8                                          _____

9                                          Foreperson

10  E. MARTIN ESTRADA
    United States Attorney

12  MACK E. JENKINS
    Assistant United States Attorney
    Chief, Criminal Division

15  SCOTT M. GARRINGER
    Assistant United States Attorney
16  Deputy Chief, Criminal Division

17  IAN V. YANNIELLO
    Assistant United States Attorney
18  Deputy Chief, General Crimes Section

19  DANIEL H. WEINER
    Assistant United States Attorney
20  General Crimes Section